**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000660
22-AUG-2014
08:59 AM**

NO. CAAP-11-0000660

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GREAT AMERICAN HOTELS AND RESORTS, INC.,
a Georgia Corporation, Plaintiff-Appellee,
v.
SYLVIA CABRAL, Defendant-Appellant,
and
PALISADE POINTE ESTATES, INC., a Georgia Corporation;
WILMER A. AYERS; JOHN DOES 1-50; JANE DOES 1-50;
DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE
ENTITIES 1-50 AND DOE GOVERNMENTAL UNITS 1-50, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 10-1-0614(2))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Sylvia Cabral (Cabral) appeals from the "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Default Judgment Against Defendant Sylvia Cabral and Summary Judgment Against Defendants Palisade Pointe Estates, Inc. and Wilmer A. Ayers and for Interlocutory Decree of Foreclosure Filed June 15, 2011" (Judgment) entered on October 25, 2011 in the Circuit Court of the Second Circuit (circuit court).[1] The Judgment granted a decree of foreclosure in favor of Plaintiff-Appellee Great American Hotels and Resorts, Inc. (GAHR) and entered default judgment against Cabral. As part of her appeal, Cabral also challenges the circuit court's "Order

---

[1] The Honorable Shackley F. Raffetto presided.

Denying Defendant Sylvia Cabral's Motion to Set Aside Default Filed June 28, 2011" entered on September 26, 2011.

As best as can be discerned, Cabral raises the following points in her appeal: 1) the circuit court's findings of fact contain errors and/or inaccuracies; 2) the court erred by denying her motion to set aside entry of default a) by not finding excusable neglect or attorney negligence and b) because she presented a meritorious defense; 3) the presiding judge was biased; and 4) her due process rights were violated. Cabral also raises various legal malpractice and improper conduct claims, and contract claims.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the applicable law, we resolve Cabral's points of error as follows:

(1) On appeal, Cabral refers in general terms to "[s]ignificant errors in the Findings of Fact," and general "inaccuracies[;]" however, she fails to point to specific findings of fact that she challenges. A review of the record indicates that the circuit court's findings of fact were not clearly erroneous. Therefore, Cabral's point of error related to the circuit court's findings of fact is disregarded. See Hawai'i Rules of Appellate Procedure Rule 28(b)(4)(C); Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 135, 839 P.2d 10, 35 (1992) ("Alleged error in findings of fact not expressly challenged on appeal will be disregarded in the absence of plain error.")

(2) We review the circuit court's denial of Cabral's "Motion to Set Aside Entry of Default entered Nov. 23, 2010" (Motion to Set Aside Entry of Default) for abuse of discretion. Gonsalves v. Nissan Motor Corp. in Hawai'i, Ltd., 100 Hawai'i 149, 158, 58 P.3d 1196, 1205 (2002). "Generally, to constitute an abuse of discretion, it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles

2

of law or practice to the substantial detriment of a party litigant." Tri-S Corp. v. W. World Ins. Co., 110 Hawai'i 473, 489, 135 P.3d 82, 98 (2006) (citation, internal quotation marks, and brackets omitted).

The circuit court did not abuse its discretion by denying Cabral's Motion to Set Aside Entry of Default. Nor did the circuit court abuse its discretion when it entered default judgment against Cabral in the Judgment.

Cabral had previously failed to answer GAHR's complaint for foreclosure. In her Motion to Set Aside Entry of Default, Cabral's argument was limited to assertions that the entry of default was the result of her attorney's failures, which constituted excusable neglect. In subsequent filings, Cabral additionally alleged, *inter alia*, that the mortgages on the subject property were fraudulently obtained and that she was the rightful owner of the property.

Under Hawai'i case law, entry of default or a default judgment can be set aside when the defaulting party shows

> (1) that the nondefaulting party will not be prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, *and* (3) that the default was not the result of inexcusable neglect or a wilful act.

BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976) (emphasis added).

The circuit court determined that Cabral had failed to show she had a meritorious defense to GAHR's complaint given that Cabral's claims to the subject Property, if any, are junior to GAHR's claims. We conclude the circuit court did not abuse its discretion in denying Cabral's Motion to Set Aside Entry of Default and in entering default judgment.

The circuit court properly determined that Cabral did not show she had a meritorious defense. Cabral did not provide any meaningful showing that she is the rightful owner of the property or that her claims to the property are superior to GAHR's claims to the property. Cabral's allegations of fraud also did not set out the circumstances of the fraud with any

3

particularity. See Hawai'i Rules of Civil Procedure Rule 9(b) ("In all averments of fraud . . ., the circumstances constituting fraud [] shall be stated with particularity."); Larsen v. Pacesetter Sys., Inc., 74 Haw. 1, 30-31, 837 P.2d 1273, 1288 (1992) (explaining that a party's fraud allegations must include who made the false representations and specify the representations made). Cabral's primary assertion in the circuit court, that the default was the result of her attorney's neglect, did not assist in establishing that she has a meritorious defense.

We need not address the two other prongs of the BDM test because the test requires that all three prongs be satisfied. See Long v. Long, 101 Hawai'i 400, 404, 69 P.3d 528, 532 (App. 2003) ("If any one of [the] three prongs [of the BDM test] is not shown by the defaulting party, the trial court does not abuse its discretion in denying the motion to set aside the default judgment.").

(3) Cabral has not met her burden to show that the presiding judge was biased.

In Aga v. Hundahl, 78 Hawai'i 230, 891 P.2d 1022 (1995), the Hawai'i Supreme Court stated that

> in the administration of justice by a court of law, no principle is better recognized as absolutely essential than that in every case, be it criminal or civil, the parties involved therein are entitled to the cold neutrality of an impartial judge. The right of litigants to a fair trial must be scrupulously guarded.

Id. at 242, 891 P.2d at 1034 (brackets and ellipsis omitted) (quoting Peters v. Jamieson, 48 Haw. 247, 262, 397 P.2d 575, 585 (1964)). "[R]eversal on the grounds of judicial bias or misconduct is warranted only upon a showing that the trial was unfair. Unfairness, in turn, requires a clear and precise demonstration of prejudice." Id. (citations omitted).

In this case, the circuit court's ruling was well grounded in law and fact. See id. As discussed above, under BDM, 57 Haw. at 76, 549 P.2d at 1150, a defaulting party must

demonstrate that he or she has a meritorious defense, and Cabral failed to make such a showing.

4)    Procedural due process "requires notice and an opportunity to be heard . . . ." State v. Bani, 97 Hawai'i 285, 293, 36 P.3d 1255, 1263 (2001). A review of the record indicates that Cabral had notice of the action and an opportunity to be heard. For instance, Cabral was served with GAHR's complaint, filed her motion to set aside entry of default, appeared at hearings, and was afforded an opportunity to speak.

5) Cabral's claims related to legal malpractice and other improper conduct allegedly committed by both her attorney and other attorneys involved in this case, as well as her contract claims, are beyond the scope of this appeal. Therefore, we do not address those issues.

Therefore, IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Default Judgment Against Defendant Sylvia Cabral and Summary Judgment Against Defendants Palisade Pointe Estates, Inc. and Wilmer A. Ayers and for Interlocutory Decree of Foreclosure filed June 15, 2011" entered on October 25, 2011 and the "Order Denying Defendant Sylvia Cabral's Motion to Set Aside Default Filed June 28, 2011" entered on September 26, 2011, in the Circuit Court of the Second Circuit, are affirmed.

DATED: Honolulu, Hawai'i, August 22, 2014.

On the briefs:

Sylvia Cabral
Defendant-Appellant, pro se

Guy A. Haywood
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

*Lawrence M Reifurth*

Associate Judge

*Jim U King*

Associate Judge

5